**[J-14A&B-2016] [MO: Saylor, C.J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| MARY E. GLOVER, INDIVIDUALLY AND ON BEHALF OF OTHER SIMILARLY SITUATED FORMER AND CURRENT HOMEOWNERS IN PENNSYLVANIA, | : No. 3 WAP 2015 :<br>: Appeal from the Order of the Superior Court entered April 23, 2014 at No. 938 WDA 2012, affirming the Order of the Court of Common Pleas of Allegheny County entered June 13, 2012 at No. GD 11-018015. |
|         Appellant | : |
|         v. | : : |
| | : ARGUED: October 7, 2015 |
| UDREN LAW OFFICES, P.C., A NEW JERSEY DEBT COLLECTOR, | : RESUBMITTED: January 20, 2016 : : |
|         Appellee | : |
| EDELLA JOHNSON (A/K/A EDELLA ROBINSON, A/K/A EDELLA ROBINSON JOHNSON), ERIC JOHNSON, INDIVIDUALLY AND ON BEHALF OF OTHER SIMILARLY SITUATED FORMER AND CURRENT HOMEOWNERS IN PENNSYLVANIA, | : No. 4 WAP 2015 :<br>: Appeal from the Order of the Superior Court entered April 23, 2014 at No. 1131 WDA 2012, affirming the Order of the Court of Common Pleas of Allegheny County entered July 17, 2012 at No. GD 12-005395. |
|         Appellants | : : |
|         v. | : ARGUED: October 7, 2015<br>: RESUBMITTED: January 20, 2016 : : |
| PHELAN HALLINAN & SCHMIEG, LLP, | : : |
|         Appellee | : |

## DISSENTING OPINION

**JUSTICE BAER**                                       **DECIDED: JUNE 20, 2016**

My colleagues in the Majority and in the Superior Court dissent ably articulate a

rationale for providing a remedy against law firms acting as proxies for residential

mortgage lenders imposing allegedly improper or excessive attorney fees upon residential mortgage debtors. I dissent because I read the plain language of Section 406 of the Loan Interest and Protection Law[1] ("Act 6"), 41 P.S. §406, as imposing liability only upon a residential mortgage lender and not the lender's foreclosure attorney. Accordingly, I conclude that the Superior Court properly affirmed the well-reasoned decision of the trial court below.

This case involves a residential mortgage entered into by Plaintiff-Appellant Mary Glover ("Glover") with Washington Mutual Bank ("WaMu"), which later transferred rights under the mortgage to Wells Fargo Home Mortgage and Goldman Sachs Mortgage Company (herein, referred to collectively as "Mortgage Company"). After Glover fell behind in her mortgage payments and the parties failed to negotiate a modification agreement, Mortgage Company retained Defendant-Appellee, the Udren Law Offices (Law Firm), to file a mortgage foreclosure complaint against Glover, seeking payment of the principal, interest, costs, and, as relevant to the case at bar, attorney's fees. In June 2008, Glover commenced a putative class action in the Allegheny County Court of Common Pleas against Mortgage Company, *inter alia* challenging the attorney fees charged as violative of Act 6. The case has wound its way between state and federal courts, resulting in numerous decisions.

In its present iteration, the case requires that we determine whether Section 502 of Act 6, 41 P.S. § 502, provides a remedy against a residential mortgage lender's attorney for violation of Section 406. This Court has repeatedly observed that our object in interpreting statutes is to ascertain the intent of the General Assembly, which is best indicated through the language of the statute itself. 1 Pa.C.S. § 1921. Indeed, the plain language "is not to be disregarded under the pretext of pursuing its spirit." Id.

---

[1] Act of Jan. 30, 1974 P.L. 13, No. 6 (as amended 41 P.S. §§ 101-605).

The Majority Opinion accepts Glover's reading which allows a borrower to "recover under Section 502 from any entity -- not solely the residential mortgage lender -- that collects excessive attorney's fees in connection with a foreclosure." Maj. Op. at 9. I agree that the plain language of Section 502 provides remedies against entities other than residential mortgage lenders, as it allows a plaintiff who has paid interest or "charges prohibited or in excess of those allowed by this act," to recover treble damages against the "person who has collected such excess interest or charges."[2]

I diverge from the Majority because I agree with the courts below that the broad general remedy provided by Section 502 is confined by the relevant substantive provision allegedly violated. As noted by Judge, now-Justice, Donohue writing for the Superior Court, the broad term "person" used in Section 502 was necessary to address the entirety of Act 6's protective provisions, which include Section 406's restraint on attorney fees received by residential mortgage lenders but also contain provisions governing the conduct of entities other than residential mortgage lenders such as the setting of a maximum interest rate applicable to loans generally.[3] Glover v. Udren Law

---

[2]     In full, Section 502, entitled, "Usury and excess charges recoverable," provides:

> A person who has paid a rate of interest for the loan or use of money at a rate in excess of that provided for by this act or otherwise by law or has paid charges prohibited or in excess of those allowed by this act or otherwise by law may recover triple the amount of such excess interest or charges in a suit at law against the person who has collected such excess interest or charges: Provided, That no action to recover such excess shall be sustained in any court of this Commonwealth unless the same shall have been commenced within four years from and after the time of such payment. Recovery of triple the amount of such excess interest or charges, but not the actual amount of such excess interest or charges, shall be limited to a four-year period of the contract.

41 P.S. § 502.

[3]     Act 6 defines "person" as "an individual, corporation, business trust, estate trust, partnership or association or any other legal entity, and shall include but not be limited (continued…)

Offices, P.C., 92 A.3d 24, 30 (Pa. Super. 2014) (citing 41 P.S. § 201). It is these other provisions that trigger the remedy of Section 502.

In this case, Glover asserts that a violation of Section 406 serves as the basis for the Section 502 remedy against a residential mortgage lender's counsel when the residential mortgage lender imposes attorney fees against a debtor. The plain language of Section 406 instructs that "no residential mortgage lender shall contract for or receive attorney's fees from a residential mortgage debtor" that are unreasonable.[4] The courts below correctly recognized that only residential mortgage lenders can violate Section 406 because only residential mortgage lenders are named in Section 406. Glover, 92 A.3d at 29; Tr. Ct. Op. at 6-7. Moreover, a lender's foreclosure attorney, such as Udren, has neither "contract[ed] for" nor "received[ed] attorney's fees from a residential

_____

(…continued)
to residential mortgage lenders." 41 P.S. § 101. In contrast, "residential mortgage lender" is defined as "any person who lends money or extends or grants credit and obtains a residential mortgage to assure payment of the debt. The term shall also include the holder at any time of a residential mortgage obligation." Id.

[4]     Section 406, entitled "Attorney's fees payable," provides:

With regard to residential mortgages, no residential mortgage lender shall contract for or receive attorney's fees from a residential mortgage debtor except as follows:

(1) Reasonable fees for services included in actual settlement costs.

(2) Upon commencement of foreclosure or other legal action with respect to a residential mortgage, attorney's fees which are reasonable and actually incurred by the residential mortgage lender may be charged to the residential mortgage debtor.

(3) Prior to commencement of foreclosure or other legal action attorneys' fees which are reasonable and actually not in excess of fifty dollars ($50) provided that no attorneys' fees may be charged for legal expenses incurred prior to or during the thirty-day notice period provided in section 403 of this act.

41 P.S. § 406.

mortgage debtor." The relevant contract for attorney fees is between the residential mortgage lender and the borrower. Therefore, as foreclosure attorneys cannot violate Section 406 because they are not residential mortgage lenders and, indeed, have no legal relationship with the borrower, I conclude that foreclosure attorneys cannot be subject to Section 502's remedy given Section 406's plain language.

We are bound by the legislature's words, which in this case did not include foreclosure attorneys within the reach of Section 406. The General Assembly chose not to impose liability via Section 406 on attorneys, which are instead addressed in other acts.[5] Glover, however, is now attempting to shoehorn her claims of improper debt collection practices into the structure of Act 6. Like the courts below, I would reject Glover's argument.

Moreover, while the Majority Opinion observes that the meaning of the term "collect" has not been the focus of the arguments before this Court, Maj. Op. at 12, Glover's reading of Section 502 necessarily turns on the term "collect." As quoted by the Majority herein, the dissent below crystalized Glover's argument, emphasizing the term collect: "Section 406 prohibits the *receipt* of improper charges and interest, while section 502 prohibits the *collection* of such charges." Glover, 92 A.3d at 37 (Wecht, J., concurring and dissenting) (emphasis in original); see also Maj. Op. at 5-6, 9.

---

[5] Indeed, the plaintiffs in the case at bar pursued actions against Udren under the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, and the Pennsylvania Fair Credit Extension Uniformity Act (FCEUA), 73 P.S. §§ 2270.1-2270.6. The plaintiffs' claims, however, were dismissed by the federal courts. The Court of Appeals for the Third Circuit explained, inter alia, that Law Firm was not liable as a "debt collector" because it was acting as an attorney prosecuting a lawsuit to reduce a debt to judgment, which is specifically excluded from governance by the FCEUA. Glover v. F.D.I.C., as receiver for Washington Mutual Bank., F.A., 698 F.3d 139, 152 (3d Cir. 2012).

With all due respect, this reading produces an incongruous result because Section 406 does not provide for a remedy other than Act 6's general remedial provision contained in Section 502. Applying Section 502's phrase "the person who has collected such excess interest or charges," as Glover argues, to encompass a foreclosure attorney's collection actions on behalf of its client would require the attorney who "collected" the fees to be liable for treble damages while the residential mortgage lender, who contracted for and received the forbidden attorney fees, would not be liable because it did not "collect" the fees. I find this reading absurd and, thus, in violation of the Rules of Statutory Construction, 1 Pa.C.S. § 1922(1).

Additionally, Glover inconsistently uses Section 502's term "collect" to mean both the collection actions of an attorney, as described above, as well as the receipt of the fees by the residential mortgage lender. In her brief to this Court, she states that "the servicer-lender, WaMu and/or its successor Wells Fargo, *collected* foreclosure-related attorneys' fees that were prohibited by [Section 406]." Glover Brief at 12 (emphasis added); see also Tr. Ct. Op. at 11 n.11, 12 n.12; 13 n.13, 14 n.14 (recognizing that Glover alleged that she paid the attorney fees to Mortgage Companies not Udren).[6] Glover cannot have the term have different meanings based on which defendant she is suing.

Accordingly, I respectfully dissent and would affirm the dismissal of Glover's claims against Udren.

---

[6] Notably, Glover sought damages from the Mortgage Companies for violation of Section 406 of Act 6, but the federal courts found that she failed to meet the necessary burden of proof. Glover v. Wells Fargo Home Mortg., 629 Fed. Appx. 331, 343 (3d Cir. 2015) (concluding that, in regard to Wells Fargo, Glover failed "to present evidence on which a reasonable jury could conclude that she was charged attorney's fees not incurred or permitted under the loan documents and, more significantly, that she paid any such fees").